■ HUDSON URBAN RENEWAL AGENCY, Respondent, v SEYMOUR NEWMAN et al., Defendants, and CANDY LANE CORP., Appellant.—Appeal from an order of the County Court of Columbia County, entered December 17, 1974, which denied the motion of Candy Lane Corp. for an order directing the payment of additional sums under chapter 1161 of the Laws of 1971. Without reciting the undisputed facts at length, it appears from the instant record that the appellant Candy Lane Corp. possessed an interest in certain real property which had become the subject of condemnation proceedings and that it had acquired certain funds previously deposited with the court in connection therewith (see General Municipal Law, § 506, subd 2; § 555, subd 2; L 1971, ch 1161). When the condemnor thereafter procured and submitted amended appraisals for that interest, appellant moved under chapter 1161 of the Laws of 1971 to compel the deposit and release to it of a sum equal to the difference between the moneys it had already received and the higher amount disclosed by the amended appraisals. Special Term denied relief and this appeal ensued. In keeping with one of the stated purposes of the statute "to alleviate the hardship of an owner in financing the purchase or rental of replacement property" (L 1971, ch 1161, § 1), appellant advises us that when faced with similar situations many condemnors have voluntarily chosen to increase the amount of their previous deposit with the court for use by the condemnee prior to judgment. However, the beneficial effects of such action is not at issue; we must decide whether the statute requires it in these circumstances as a question of first impression. Certainly nothing contained therein expressly mandates or prohibits the result urged by appellant, but a careful perusal of the language employed convinces us the requested relief is not commanded by implication for the operative terms of "offer", "appraisal", and "deposit" are all phrased in the singular (L 1971, ch 1161). Had the Legislature intended to do so, it could easily have modified longstanding condemnation practices to accommodate parties in appellant's position, but it was apparently satisfied in changing only certain features of such proceedings (see, e.g., L 1971, ch 1155) and we will not read into the questioned statute anything more than it says on its face. As held by the County Court, there has been no showing that the original appraisal was excessively low so as to raise the question of fraud or bad faith. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.